UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TUCK, et al., | No. C 12-04002 DMR |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' THIRD APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| WELLS FARGO HOME MORTGAGE, et al., | |
| Defendants. | |

On August 24, 2012, the court granted Plaintiffs Robert Tuck and Patricia Berkowitz's *ex parte* application for a Temporary Restraining Order ("TRO") and issued a TRO which barred Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and NDeX West LLC ("NDeX"), as well as their agents, assigns, and those acting in concert with Defendants, from selling, foreclosing, or otherwise alienating the property located at 6349 Greenridge Court, Martinez, California 94553 ("the property"). [Docket No. 27.] The court ordered Defendants to show cause why a preliminary injunction should not issue and set a hearing on the order to show cause for September 7, 2012. Upon Wells Fargo's unopposed request, the court continued the hearing on the order to show cause to October 11, 2012. [Docket No. 30.] In connection with its request to continue the hearing on the order to show cause, Wells Fargo represented that it had agreed to continue the foreclosure sale to a

day after October 11, 2012, the date of the hearing. [Docket No. 28.] The parties subsequently stipulated to continue the hearing on the order to show cause to November 29, 2012. [Docket Nos. 36, 37.] The TRO expired on September 7, 2012. [*See* Docket No. 27 at 6.]

On October 9, 2012, Plaintiffs Robert Tuck and Patricia Berkowitz filed a second *ex parte* application for a TRO prohibiting the sale of the property. [Docket No. 38.] Essentially, Plaintiffs asked the court to extend the TRO that the court issued on August 24, 2012. As that TRO had expired on September 7, 2012, the court denied Plaintiffs' request on the ground that there was no TRO in place to extend. [Docket No. 39.]

Now before the court is Plaintiffs' third *ex parte* application for a TRO enjoining the sale of the property. [Docket No. 40.] Plaintiffs recently received notice that their mortgage loan was sold, and according to a document titled "Notice of Sale of Ownership of Mortgage Loan" received by Plaintiffs, the new owner of the home loan is U.S. Bank National Association as Trustee for Stanwich Mortgage Loan Trust Series 2012-9 ("U.S. Bank"). The new loan servicer is Carrington Mortgage Services, LLC ("Carrington"). (Decl. of Luis W. Camacho in Supp. of TRO ("Camacho Decl.") ¶ 5, Ex. 3, Oct. 10, 2012.) Wells Fargo has confirmed that the loan "has been transferred" and informed Plaintiffs that "Wells Fargo lacks the ability to continue the foreclosure sale." (Camacho Decl. ¶ 10; Ex. 6.) The property is scheduled to be sold on October 12, 2012. (Camacho Decl. ¶ 3, Ex. 1.)

Plaintiffs seek a TRO enjoining the sale of the property "to keep the status quo until a meaningful settlement with the new servicer, Carrington Mortgage Services LLC can be obtained." (Appl. for TRO 2.) In other words, Plaintiffs seek a TRO prohibiting *any* entity, including U.S. Bank and Carrington, the apparent owner and servicer of the loan, from selling the property. However, neither U.S. Bank nor Carrington is a party to this action. An application for preliminary relief requires Plaintiffs to "establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 21-22 (2008). Plaintiffs have stated no causes of action against U.S. Bank or Carrington in their complaint, nor have they indicated what causes of action against those

entities they would or could bring. Therefore, it is impossible for the court to evaluate whether Plaintiffs are likely to succeed on the merits. Wells Fargo has conceded that it is unable to continue the foreclosure sale, therefore a TRO enjoining the present Defendants would be meaningless. Further, Plaintiffs have not established that the court has jurisdiction over U.S. Bank or Carrington, *see Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (a plaintiff bears the burden of proving that a court has personal jurisdiction over a defendant), nor whether the court would have subject matter jurisdiction over any possible claims against them. Accordingly, the application for a TRO must be denied.

IT IS SO ORDERED.

Dated: October 11, 2012

_____
DONNA M. RYU
United States Magistrate Judge